Jin Dong CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondent,

No. 02–4637.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Joseph R. Perella, Assistant United States Attorney, for David V. Kirby, Acting United States Attorney for the District of Vermont, Burlington, VT (Carol L. Shea, on the brief), for Respondent.

Present: KEARSE, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED.**

Petitioner Jin Dong Chen ("Chen"), a citizen of the People's Republic of China,

petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on September 24, 2002, affirming without opinion an April 27, 2001 decision of the Immigration Judge ("IJ"). The IJ rejected Chen's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, see 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

In this case, the IJ's adverse findings relating principally to material inconsistencies and omissions in the record were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir. 2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Likewise, the IJ's denial of CAT relief for Chen also satisfied the substantial evi-

dence standard. *See Mu–Xin Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir. 2003).

We have considered all of Chen's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED.